UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COREY MOORE** ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-03214 |
| ) | |
| v. ) | |
| ) | |
| **GRAND PRAIRIE TRANSIT, INC.** ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, COREY MOORE ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against GRAND PRAIRIE TRANSIT, INC. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA"), and the Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. Plaintiff also brings claims under (820 ILCS 305/) Illinois Worker's Compensation Act, ("IWCA") seeking redress for Defendant's willful and reckless disregard of Plaintiff's rights to seek medical care to which he was entitled pursuant to the IWCA, and also terminating Plaintiff's employment on the basis of him exercising his rights under the IWCA, and in retaliation for him attempt to assert him rights under the IWCA when Plaintiff requested a reasonable

accommodation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) and (2) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count II and V through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Corey Moore, resided in Will County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Grand Prairie

Transit, Inc., is a corporation doing business in Will County, Illinois whose address is 18962 Airport Road, Lockport, Illinois 60446.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff applied for a mechanic position with Defendant and was hired by Defendant in or around October 2020 as a driver.

14. At all times material herein, Plaintiff suffered from a condition that substantially limits his ability to, among other things, sleep and work.

15. Plaintiff notified his supervisor, Tracie Wiggins-Walker, that he suffered from a said condition.

16. Plaintiff requested an accommodation to be relieved of driving duties.

17. Plaintiff also requested the opportunity to move to a mechanic position as soon as possible.

18. Plaintiff provided Defendant with a doctor's note confirming Plaintiff's disability and need for accommodation multiple times, as early as December 2020.

19. Plaintiff was moved to a camera technician and then a mechanic, but Defendant still required Plaintiff to perform driving duties.

20. Plaintiff restated his request for accommodation to his supervisor in light of his continued driving duties.

21. As a mechanic, Plaintiff's essential duties were to inspect and repair Defendant's diesel engine vehicles.

22. On or around May 10, 2020, Plaintiff suffered a workplace injury when a faulty propane tank sprayed Plaintiff in the face.

23. As a result of Plaintiff's workplace injury, Plaintiff was restricted from working for several weeks.

24. Plaintiff was cleared to return to work on or around September 1, 2020.

25. But upon returning to work, Defendant reduced Plaintiff's hours and bonus, and forced him to perform even more driving duties, contrary to his previous requests for accommodation.

26. Additionally, despite Plaintiff's exemplary work performance history, when Plaintiff returned to work after his workplace injury, Defendant suddenly began reprimanding Plaintiff for supposed infractions.

27. Defendant's reprimands were not justified based on Plaintiff's work performance.

28. Additionally, Defendant's reprimands were based on hastily enforced rules and it did not adequately notify Plaintiff of those rules.

29. When Defendant insisted on forcing Plaintiff to perform more driving duties, Plaintiff restated his request for accommodation.

30. Plaintiff is a "qualified individual" as defined under the ADA.

31. Plaintiff requested, multiple times, to be relieved of driving duties due to his disability.

32. Defendant ignored Plaintiff's request for accommodations.

33. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's

reasonable requests to be relieved of driving duties.

34. Plaintiff was capable of performing as a camera technician, or a diesel mechanic, positions which were available.

35. Defendant has treated Plaintiff different than similarly situated employees by reducing his hours and bonus when other employees not in Plaintiff's protected class who had similar performance records did not suffer similar reductions.

36. Ultimately, on or about January 31, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

37. Defendant's purported justification for termination is mere pretext for Defendant's unlawful discrimination and retaliation against Plaintiff.

38. Defendant terminated Plaintiff because of his disability, or because Defendant perceived plaintiff as disabled.

39. Defendant terminated Plaintiff because he requested reasonable accommodations for his disability.

40. Defendant terminated Plaintiff because he made a claim for benefits under the Illinois Worker's Compensation Act.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act (775 ILCS5/)
### (Disability Discrimination)

50. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Illinois Human Rights Act (775 ILCS5/).

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

55. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the Illinois Human Rights Act (775 ILCS5/).

56. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's disability.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

59. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

61. Plaintiff is a qualified individual with a disability.

62. Defendant was aware of the disability and the need for accommodations.

63. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

64. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

65. Defendant did not accommodate Plaintiff's disability.

66. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

67. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

69. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

71. During Plaintiff's employment with Defendant, Plaintiff made several requests for accommodation for his disability.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

73. In response to Plaintiff's request for accommodation, Defendant reduced Plaintiff's hours and bonus, and ultimately terminated Plaintiff.

74. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

75. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

76. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT V
### Violation of (820 ILCS 305/) Illinois Worker's Compensation Act
### (Retaliation for Pursuing Claim Under Worker's Compensation Law)

78. Plaintiff repeats and re-alleges paragraphs 1- 40 as if fully stated herein.

79. On or about January 31, 2023, Defendant unlawfully terminated Plaintiff in retaliation for Plaintiff exercising his rights under (820 ILCS 305/) Illinois Worker's Compensation Act.

80. (820 ILCS 305/) Illinois Worker's Compensation Act states in pertinent part that:

> (h) It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

(820 ILCS 305/4) (from Ch. 48, par. 138.4)

(Text of section from P.A. 101-40 and 102-37)

81. Defendant terminated Plaintiff for exercising his rights pursuant to (820 ILCS 305/) Illinois Worker's Compensation Act.

82. Defendant intentionally interfered, restrained and coerced Plaintiff after he was injured on the job, sought medical attention, and attempted to exercise his rights pursuant to the IWCA.

83. Plaintiff was discharged be reason of Plaintiff's valid claim for compensation or

attempt to claim compensation under the IWCA in violation of (820 ILCS 305/4) Illinois Worker's Compensation Act.

84. As a result of said interference, restraining, coercion and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a.   Back pay with interest;

   b.   Payment of interest on all back pay recoverable;

   c.   Front pay;

   d.   Loss of benefits;

   e.   Compensatory and punitive damages;

   f.   Compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life;

   g.   Compensation for lost wages, benefits, and other remuneration.

   h.   Reasonable attorneys' fees and costs;

   i.   Award pre-judgment interest if applicable; and

   j.   Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 22nd day of May, 2023.

>/s/ *Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*